IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHN E. REARDON, | : | |
| Plaintiff, | : | |
| | : | Civil No. 23-3492 (RBK/AMD) |
| v. | : | |
| | : | **ORDER** |
| SGT. A.L. SIMON, *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon Plaintiff Reardon's letter (ECF No. 1) requesting this Court's permission to file a complaint (ECF No. 1-1); and

**IT APPEARING TO THE COURT** that pursuant to a May 5, 2020 Order in Civil Action No. 18-cv-11372-RBK-AMD (ECF No. 130), Mr. Reardon is currently prohibited from filing any motions in the District of New Jersey without leave of the Court. That Order provides that before filing a motion, Mr. Reardon must seek leave by filing a letter with the Court, of no more than two ordinary typed pages, setting forth valid reasons why the Court should allow the motion to be filed; and

**THE COURT FINDING** that the prohibition from filing without leave of the Court in the May 5, 2020 Order applies to the proposed complaint which Mr. Reardon seeks to file; and

**THE COURT OBSERVING** that Mr. Reardon requests permission to file a complaint asserting conspiracy claims against two New Jersey state court judges, several law enforcement officers in various New Jersey municipalities, and "all civilian persons who aided" in the alleged

1

conspiracy. Mr. Reardon claims these individuals engaged in a "Conspiracy to bring and prosecute the criminal charges lodged against [him] in 1990 . . . ."; and

**THE COURT OBSERVING FURTHER** that the complaint Mr. Reardon seeks to file merely rehashes matters previously litigated. The complaint alleges that several government officials violated Mr. Reardon's constitutional rights in various ways during his 1990 arrest and criminal proceedings in New Jersey state court, including the alleged wrongful issuance of a search warrant by state court judges and warrantless searches by law enforcement officers. (ECF No. 1-1 ¶¶ 6, 25–26, 36). The complaint alleges that evidence obtained during the unlawful searches was permitted to be presented at trial. (*Id.* ¶ 66). The complaint alleges ineffective assistance of counsel against Mr. Reardon's court-appointed defense counsel. (*Id.* ¶ 33). Finally, the complaint alleges that an ambulance crew failed to provide appropriate medical care at the direction of law enforcement officers. (*Id.* ¶ 24). These events were litigated in *Reardon v. United States of America*, Civ. No. 17-5868-RBK-KMW, and in *Reardon v. Mondelli*, Civ. No. 15-5520-JBS-AMD. Both prior actions resulted in final judgment; and

**THE COURT NOTING** that the doctrine of res judicata precludes a plaintiff from bringing claims "when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)); and

**THE COURT FINDING** that Mr. Reardon has not presented valid reasons to file the complaint because the claims in the complaint are frivolous. The claims arise out of matters previously litigated in multiple previous actions and are therefore precluded as res judicata. Moreover, as we previously held, the defendants are entitled to immunity for the conduct alleged

in the complaint. *See Reardon v. United States of America*, Civ. No. 17-5868-RBK-KMW (ECF No. 119 at 4–5); therefore

**IT IS HEREBY ORDERED** that Mr. Reardon's request to file a complaint is **DENIED**; and

**IT IS HEREBY FURTHER ORDERED** that the Clerk of this Court shall terminate this action.

Dated: 6/30/2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge